J-S50043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GERALD JONES, | |
| Appellant | No. 63 EDA 2017 |

Appeal from the PCRA Order entered December 20, 2016,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0607981-1979.
June Term, 1979 No. 798-804

BEFORE:  PANELLA, MOULTON, and RANSOM, JJ.

MEMORANDUM BY RANSOM, J.:          **FILED SEPTEMBER 27, 2017**

Appellant, Gerald Jones, appeals from the December 20, 2016 order dismissing as untimely his eighth petition for post-conviction relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S. §§ 9541-46. We affirm.

Appellant seeks relief from the aggregate term of life imprisonment imposed on April 15, 1981, after he was convicted of multiple counts of first-degree murder and arson, as well as related charges.  These convictions resulted from Appellant's participation in the firebombing of two houses in December 1977.

The pertinent procedural history as gleaned from our review of the certified record is as follows:  This Court affirmed Appellant's judgment of

sentence on November 5, 1986, and Appellant did not file a petition for *allocatur*. Thereafter, Appellant unsuccessfully litigated seven post-conviction petitions. On November 17, 2014, Appellant filed the instant petition and amended it on December 1, 2014. By order and opinion entered on December 20, 2016, the PCRA court dismissed the petition. This timely appeal follows. The PCRA court did not require Pa.R.A.P. 1925 compliance.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001).

The PCRA court determined that Appellant's instant petition, filed almost thirty years after his judgment of sentence became final, is patently untimely. The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  **See Hernandez**, 79 A.3d 651-52 (citations omitted); **see also** 42 Pa.C.S.A. § 9545(b)(2).  Finally, exceptions to the PCRA's time bar must be pleaded in the petition and may not be raised for the first time on appeal.  **Commonwealth v. Burton**, 936 A.2d 521, 525 (Pa. Super. 2007); **see also** Pa.R.A.P. 302(a) (providing that

---

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Appellant's judgment of sentence became final on or about December 5, 1986, when the thirty-day time period for filing a petition for *allocatur* with our Supreme Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Thus, Appellant's eighth PCRA petition, filed decades later, is patently untimely. The PCRA court lacked jurisdiction to consider this most recent petition unless Appellant has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **See Hernandez**, **supra**.

Appellant has failed to establish a time-bar exception. He claims that he has established both the governmental interference exception and the newly discovered facts exception. Appellant's claims are premised upon his alleged recent receipt of an affidavit from a "prison paralegal." Based upon this affidavit, Appellant claims to have learned that three of his co-defendants refused to testify at a co-defendant's 1988 retrial and the Commonwealth used storyboard exhibits. According to Appellant, the government interfered with his ability to obtain the notes of testimony and the storyboards, thus thwarting his efforts to determine how they were used at his co-defendant's retrial. Moreover, according to Appellant, the existence of these storyboards and the fact that three co-defendants refused to testify are newly discovered facts. We find no merit to these claims.

Appellant first asserts that he established the governmental interference exception because he was unsuccessful in his attempts to obtain the transcripts from his co-defendant's 1988 retrial. Although Appellant makes general assertions regarding the difficulties he encountered in attempting to obtain these trial transcripts, as well as the exhibits, he has not established that he was "denied access to such evidence because of governmental interference." PCRA Court Opinion, 12/20/16, at 6 (footnote omitted). Moreover, it is clear that Appellant knew of this alleged interference many years before the applicable sixty-day period he had in which to raise the exception. *See* 42 Pa.C.S. § 9543(b)(2).[2]

Appellant next argues that he met the newly-discovered facts exception because he filed his latest PCRA petition within sixty days of receiving the prison paralegal's affidavit. When considering a PCRA's petitioner's claim that he or she has established an exception to the PCRA's time bar under section 9545(b)(1)(ii), the petitioner must establish only that the facts upon which the claim are predicated were unknown to him, and that he could not have ascertained the facts earlier despite the exercise of

---

[2] Within his brief, Appellant also alleges a *Brady* violation, but this claim fails because it too could have been raised decades earlier. *See Commonwealth v. Abu Jamal*, 941 A.2d 1263 (Pa. 2008) (explaining that the government interference exception to the PCRA's time bar requires the facts upon which a *Brady* claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence).

due diligence. **Commonwealth v. Bennett**, 930 A.2d 1264, 1270-72 (Pa. 2007). The determination of timeliness does not require a merits analysis. **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008).

Although the PCRA court found that Appellant filed his latest petition within sixty days of receiving the affidavit, the court did not expressly discuss whether Appellant exercised "due diligence" in discovering the information found within the prison paralegal's affidavit. Our review of the record reveals that in Appellant's third PCRA petition, filed in 2002, he acknowledged the untimeliness of his petition, but averred that he met the "newly discovered fact" exception, based on a witness's recantation testimony at his co-defendant's retrial. A panel of this Court cited the following recitation by the PCRA court as providing the factual foundation for the claim:

> The Superior Court granted new trials for Smith and Lamar, because the trial judge had excluded either on cross-examination or by independent medical testimony, of the psychiatric history of Fitzgerald Lawrence, an accomplice who testified against him at trial. The Superior Court noted that Fitzgerald Lawrence was the only witness who inculpated Smith and Lamar in the arson. It then went on to state. "However, we are equally convinced that impeachment of Lawrence's testimony with evidence of his psychological problems was not vital to the remaining Appellants['] defense." **Commonwealth v. Mason**, [518 A.2d 282, 286 (Pa. Super. 1986)].
>
> Mack Smith died in prison before he could be retried. Darryl Lamar was retried in 1988. At trial, Fitzgerald Lawrence recanted his trial testimony. [He said Lamar and Appellant were not present at the firebombing]. Lamar was found not guilty of

the arson which had resulted in the death of the three victims. He was found guilty of felony arson on another property.

***Commonwealth v. Jones***, 2582 EDA 2003, at 2 (citing PCRA Court Opinion, 8/25/03, at 1-2)).

We rejected Appellant's claim because he could not establish due diligence:

> [I]n 1986, this Court affirmed Appellant's judgment of sentence, vacated Lamar's judgment, and ordered a new trial. Therefore, as early as 1986, Appellant knew Lamar was going to get a new trial and in 1988 Lamar was re-tried. Appellant has wholly failed to explain why he was unable to ascertain the events of the re-trial for the next 14 years. Nothing in the record before this Court supports Appellant's contentions that he was prevented from contacting Lamar by the conditions of Lamar's parole as well as the [Department of Corrections] policies. In fact, the [Department of Corrections] policy Appellant relies upon states correspondence with former inmates was allowed as long as the Facility Manager approved the communication. In sum, Appellant has failed to demonstrate reasonably why he could not have discovered the alleged exculpatory information sooner by the exercise of due diligence. ***See*** Pa.C.S.A. § 9545(b)(1)(ii).

***Jones***, mem. opin. at 7. Additionally, we cited to Appellant's original appeal, in which this Court had stated that "impeachment of Lawrence's] testimony with evidence of psychological problems was not vital" to Appellant's defense since he was "implicated in the events of December 3, 1977 by the testimony" of two other co-defendants to the incident. ***Id.***, at 8 (emphasis deleted).

Now, over ten years later, Appellant's attempt to establish due diligence is even less compelling. Although Appellant details his unsuccessful attempts to locate the storyboards once he received the prison

paralegal's affidavit, *see* Appellant's Brief at 8, as in his 2002 petition, he provides little argument regarding his inability to contact Lamar regarding the latter's 1988 retrial other than the bare assertion that he and his family could not find Lamar once he was paroled in 1989. *See* Appellant's Brief at 15. Thus, we must again conclude that Appellant has failed to establish due diligence in discovering these "new facts."

We also note that, not only is the evidence of due diligence less compelling, but the alleged new facts—that three co-defendants did not testify at the retrial and the Commonwealth's use of storyboards—is clearly not exculpatory, and in fact irrelevant. As the PCRA court stated:

> This Court is satisfied that the storyboard introduced by the Commonwealth [at Lamar's re-trial] is not new evidence, as it revealed no new information which was previously unknown by [Appellant]; this information has no exculpatory effect on [Appellant's] case. Thus, [Appellant's] failure to obtain access to Lamar's trial transcript is immaterial. No relief is due.

PCRA Court Opinion, 12/20/16, at 7.

In reaching this conclusion the trial court did not engage in a merit analysis of his proposed newly discovered evidence. *See* Appellant's Brief at 9-10; *Abu Jamal*, *supra*. Rather, as the PCRA court notes, and Appellant concedes, the storyboards contained only pictures of the various co-defendants—information known to Appellant before his original trial in 1980. *See* Appellant's Brief at 12. Thus, at best, Appellant's proffered affidavit constitutes only a "newly willing source of previously known facts." *Commonwealth v. Ward-Green*, 141 A.3d 527, 533 (Pa. Super. 2016),

*appeal granted on other grounds*, 2016 WL 7386799 (Pa. Dec. 21, 2016) (citation omitted). Such a source does not qualify as a fact unknown to the petitioner. **Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

In sum, the PCRA court correctly determined that Appellant did not establish a time-bar exception. Therefore, the PCRA court properly found Appellant's eighth PCRA petition to be untimely, and we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/27/2017</u>